IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
03 NOV 25 PM 3:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 25 2003

JO ANN HAWKINS, etc.,  }
    Plaintiff,  }
                       }  CIVIL ACTION NO.
v.  }
                       }  CV-01-AR-984-M
LEE TRAYLOR, et al.,  }
    Defendants.  }

## MEMORANDUM OPINION

Before the court is the motion of plaintiff to preclude defendants' use of Ronald W. Kiker ("Kiker") as an expert witness, and the counter-motion of defendants to offer to make the expert available for deposition by plaintiff after discovery is otherwise complete. On November 21, 2003, the parties orally argued the said motions.

### Facts

This action was filed by the estate of Bobby Frazier on April 20, 2001. On June 26, 2001, the court entered a scheduling order requiring plaintiff to provide her expert reports by October 15, 2001 and that defendants provide their expert reports by November 15, 2001. After several extensions of the expert report deadlines, the court set the deadline for plaintiff's expert reports at July 15, 2002 and the deadline for defendants' expert reports at August 15, 2002. Defendants did not provide

1

any expert witness report within that timeframe.  On September 17, 2003, the court entered its final pre-trial order providing the parties another extension on the expert report deadline.  The parties were given until September 30, 2003 to disclose experts and to provide expert reports in accordance with Rule 26, Federal Rules Civil Procedure.  The trial was set for December 8, 2003 in Gadsden, Alabama.

On September 29, 2003 defendants' counsel sent plaintiff's counsel a letter disclosing that defendants intended to offer Kiker as an expert witness.  The letter contained a listing of expected topics to which Kiker would testify.  With the letter, defendants enclosed the vita of Kiker and his fee schedule. Defendants' letter indicated that Kiker's signed report would be forthcoming.  On November 3, 2003, plaintiff filed a motion to preclude the testimony of Kiker.  Defendants then sent plaintiff a report entitled "Preliminary Opinions of Ronald W. Kiker" ("Preliminary Report").

### Analysis

Rule 26(a)(2)(B), Federal Rules Civil Procedure, provides the following regarding expert reports:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for

2

>the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Rule 37(c)(1) provides that a "party that without substantial justification fails to disclose information required by Rule 26(a)...is not, unless such failure is harmless, permitted to use as evidence at a trial...any witness or information not so disclosed. In addition to or in lieu of this sanction, the court...may impose other appropriate sanctions." Therefore, pursuant to Rule 37(c)(1), failure to provide an expert report under Rule 26(a)(2)(B) results in automatic exclusion of the expert's testimony unless the violation was (1) substantially justified, or (2) harmless. The burden of proving that the failure to comply is justified or harmless is on the party in violation of Rule 26. *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001); *Heidtman v. County of El Paso,* 171 F.3d 1038, 1040 (5th Cir. 1999). Failure to comply with Rule 26 is harmless "when there is no prejudice to the party entitled to the disclosure." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

The parties do not dispute that defendants' September 29, 2003 letter did not comply with the Rule 26 requirements. The

letter does not contain a complete statement of Kiker's opinions, does not contain the data or other information considered by Kiker, and does not contain a listing of exhibits to be used by Kiker. Further, defendants admit that their failure to comply with Rule 26 was not substantially justified. They say that they "can offer the court no particularly good excuse" for their failure to comply with Rule 26. Therefore, the issue before this court is whether the failure to comply with Rule 26 is "harmless."

Plaintiff persuasively argues that defendants' noncompliance with Rule 26 is not harmless. In the motion to preclude, plaintiff points out that, as of November 3, 2003, plaintiff still had not received Kiker's formal written report from defendants despite promises that it would be forthcoming. This was still true on November 21, 2003. Plaintiff argues that the absence of the report puts her at a severe disadvantage at this late stage of the litigation.

As stated above, it is defendants' burden to prove harmlessness. Defendants make several arguments in favor of harmlessness. Defendants say, first, that the September 29, 2003 letter eliminated any unfair surprise, and second, that the opinions expressed in the Preliminary Report do not deviate from the general descriptions disclosed in the September 29, 2003 letter. Therefore, arguably, plaintiff had notice as early as

4

September 29, 2003 as to what Kiker would say. Third, at oral argument on November 21, 2003, defendants offered to limit Kiker's testimony to that which was disclosed in the September 29, 2003 letter and the subsequent Preliminary Report. As a last gasp, defendants offered to make Kiker available for deposition at a time convenient for plaintiff and offered to cover the expenses of taking the last minute deposition.

Under these circumstances, defendants have not met their burden of proving harmlessness. To require plaintiff to depose Kiker at this late date, even at defendants' expense, would create a substantial hardship for plaintiff and would in all likelihood result in a continuance so that plaintiff would have a fair opportunity to acquire a rebuttal expert and/or to demand a *Daubert* hearing on Kiker. If defendants' admitted noncompliance with Rule 26 does not act as a bar to defendants' use of Kiker, there is little reason for the existence of Rule 26.

## Conclusion

By separate order, the court will grant the motion of plaintiff to preclude the testimony of Kiker. This will moot the motion of defendants for leave to make Kiker available for deposition.

DONE this 25th day of November, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE