

```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ALABAMA
              MIDDLE DIVISION
```

JO ANN HAWKINS, etc.,         }
                              }
    Plaintiff,                }
                              }    CIVIL ACTION NO.
v.                            }    01-AR-984-M
                              }
LEE TRAYLOR, et al.,          }
                              }
    Defendants.               }

**ENTERED** DEC 29 2003

### MEMORANDUM OPINION

    On November 25, 2003 the court granted the motion of plaintiff to preclude the testimony of Ronald Kiker ("Kiker") as an expert witness largely because of defendants' noncompliance with Rule 26(a)(2)(B), Federal Rules of Civil Procedure. The court found that defendants' failure to comply with Rule 26 was neither substantially justified nor harmless, making the sanction of preclusion appropriate pursuant to Rule 37, Federal Rules of Civil Procedure.

    Defendants now seek to offer Kiker as a fact witness. The pretrial order entered on September 17, 2003 gave the parties until September 30, 2003 to exchange the names of the expert witnesses whom they intend to use at trial, and until November 14, 2003 to exchange the names of all witnesses (other than expert witnesses) whom they may use at trial. In a September 29, 2003 letter to plaintiff, defendants first attempted to designate Kiker as an expert witness. On November 14, 2003 defendants filed what they entitled "Defendants' List of Witnesses." Kiker was included on



the list. After the court granted plaintiff's motion to preclude Kiker's testimony on November 25, 2003, defendants sent plaintiff a letter on December 1, 2003 informing plaintiff that defendants intended to offer Kiker as a fact witness on the police training given to defendant Traylor. Plaintiff now moves to preclude Kiker's testimony as a fact witness.

Rule 26(a)(1)(A) provides that a party must provide "the name and, if known, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses...." Rule 37(c)(1) provides that a "party that without substantial justification fails to disclose information required by Rule 26(a)...is not, unless such failure is harmless, permitted to use as evidence at a trial...any witness or information not so disclosed. In addition to or in lieu of this sanction, the court...may impose other appropriate sanctions." Therefore, pursuant to Rule 37(c)(1), failure to provide the initial disclosures required by Rule 26(a)(1)(A) results in automatic exclusion of the witness's testimony unless the violation was (1) substantially justified, or (2) harmless. The burden of proving that the failure to comply is justified or harmless is on the party who has violated Rule 26. *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st

Cir. 2001); *Heidtman v. County of El Paso,* 171 F.3d 1038, 1040 (5th Cir. 1999). Failure to comply with Rule 26 is harmless "when there is no prejudice to the party entitled to the disclosure." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

Plaintiff correctly points out that defendants did not disclose Kiker in their Rule 26(a)(1)(A) initial disclosures. Therefore, defendants are in violation of Rule 26(a) and subject to sanctions provided by Rule 37 unless defendants' failure to comply with Rule 26(a) was justified and/or harmless. Defendants have offered no argument that their failure to disclose this witness was substantially justified or that the nondisclosure was harmless. The closest defendants have come to arguing harmlessness is that the continuance of the trial occasioned by the court's illness would now give plaintiff time to depose Kiker. Plaintiff, on the other hand, argues that the nondisclosure was not harmless. Plaintiff points out that if defendants had disclosed Kiker as a potential **fact** witness in their initial disclosures, "exploration of his potential testimony would have been undertaken." Further, plaintiff points out that the preliminary expert report of Kiker does not outline the factual material that Kiker would be testifying to. In fact, plaintiff's first notice that Kiker supposedly has knowledge of facts relevant to the case came during the court's motion docket on November 21, 2003. As stated previously, plaintiff did not receive official notice of

3

defendants' intention to offer Kiker as a fact witness until December 1, 2003. Plaintiff's motion to preclude indicates that plaintiff is still unaware of the exact nature of Kiker's proposed testimony.[1] The court understands plaintiff's concern over the difficulty, if not the impossibility, of drawing the line at trial between Kiker as an expert and Kiker as a fact witness. Allowing Kiker's testimony at this late date would be unfair. Because defendants' failure to comply with Rule 26(a) is neither justified nor harmless, the sanction of preclusion under Rule 37(c) is appropriate. Therefore, Kiker's testimony as a fact witness will be excluded. No other sanction will be imposed.

DONE this 29th day of December, 2003.

WILLIAM M. ACER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff makes two other observations regarding defendants' potential use of Kiker at trial. First, the testimony that defendants would like to offer appears to "deal with what training is offered to police officers at the Jacksonville, Alabama police training facility." Plaintiff argues that such testimony would be expert testimony in disguise and thus in violation of the court's order to preclude Kiker's expert testimony. Second, Kiker's testimony would be cumulative because Officer Traylor can testify to his own training.

4